BOARDMAN *et al. v.* TROTTER *et al.*

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

BILL OF PARTICULARS—ACTION FOR FIRM DEBT.
    A defendant sued for a firm debt may demand a bill of particulars, though he denies both his connection with the firm and its liability to plaintiff.

Appeal from special term.

Action by Charles G. Boardman and George R. Nichols against David A. Trotter and Robert H. Bruce, as copartners composing the firm of Tait & Co. Defendant Trotter alone appeals from an order denying his motion for a bill of particulars.

Argued before ALLEN and BOOKSTAVER, JJ.

*Martin & Smith,* for appellant. *William S. Beaman,* for respondents.

ALLEN, J. We are unable to agree with the learned judge of the court below that the defendant should be refused a bill of particulars because the an-

swer, or so much of it as sets up new matter in avoidance, does not "give color" to the plaintiff. This rule of pleading applied only to one plea, that of confession and avoidance. If it was not observed, the plea was defective. We think the rule, if it ever had any application to particulars of a plaintiff's demand in an action, has no place in the present practice, but has gone with the system to which it belonged. A defendant now answers but once, and he may plead as many defenses as he thinks he has. The facts which appear upon this appeal are as follows: The plaintiffs allege in their complaint that they instructed the firm of Tait & Co., of Amoy, China, to buy for them certain teas, and sent to them a letter of credit to draw against upon the execution of the plaintiffs' orders. Tait & Co. thereupon bought certain teas, and sent them to the plaintiffs, who were not satisfied with them, claiming that they were not of the grade ordered. They notified Tait & Co. that they rejected the teas, and should sell them for their account. They allege that they made such sale, and claim that after crediting the proceeds against the money advanced, freight and commissions, a balance remains due, which they seek to recover in this action. They further aver that the defendants compose the present firm of Tait & Co., and have acquired the assets, assumed the obligations, and continued the business of Tait & Co. as it existed at the time of this transaction, in 1885. The answer of the defendant Trotter admits that the teas were ordered of Tait & Co., and that the advances to that firm were made by the plaintiffs; but denies that he was a member of the first firm of Tait & Co., or that he, or any firm of which he is or was a member, assumed any responsibility in respect to the said teas. He then alleges that the firm of Tait & Co. bought and shipped the grade and quality of teas which the plaintiffs ordered, and that in the purchase of the teas they acted as agents for the plaintiffs, and executed the order faithfully; and further charges that the plaintiffs were never authorized to sell the teas, and did not sell them to the best advantage. These are defenses which the defendants had a right to plead. The foundation of the plaintiffs' claim is what was done by the plaintiffs as the agents of the first firm of Tait & Co. in selling the teas. The sum sued for is the balance claimed to be due after deducting the proceeds of the sale. As that sale is the basis of the claim against the defendant, we have no doubt that he ought to have the particulars of the sale which he asks for, whether he denies his liability or not. The order appealed from should be reversed, and the motion granted, with costs.